# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

JESUS RACHID-LUIZ

    Plaintiff,

v.

SKYLINE ON BRICKELL CONDOMINIUM
ASSOCIATION, INC., and KW PROPERTY MANAGEMENT
& COUNSULTING, LLC., et al

    Defendants,

_____/

## **COMPLAINT**

COMES NOW, Plaintiff, JESUS RACHID-LUIZ, by and through the undersigned counsel, and sues Defendants, SKYLINE ON BRICKELL CONDOMINIUM ASSOCIATION, INC., and KW PROPERTY MANAGEMENT & COUNSULTING, LLC., and states as follows:

## **JURISDICTIONAL ALLEGATIONS**

1. The Court has original jurisdiction pursuant to 28 U.S.C. §1331, 42 U.S.C. § 3613, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq. and supplemental jurisdiction under 28 U.S.C. § 1291, over Plaintiff's claims under the Florida Fair Housing Act, § 760.20, et seq.

2. Venue is proper in the Southern District of Florida, Miami Division, under 28 U.S.C. § 1391(b) because the claim arose in this judicial district.

3. Plaintiff, JESUS RACHID-LUIZ (hereinafter "RACHID-LUIZ") is a resident of the State of Florida, a qualified person with a disability under the Fair Housing Act and is otherwise *sui juris*.

4.  Plaintiff, RACHID-LUIZ was the lessor of the property located at 2101 Brickell Avenue, #1703, Miami, FL 33129, in a building managed by Defendant, KW PROPERTY MANAGEMENT & CONSULTING, LLC.

5.  Defendant, SKYLINE ON BRICKELL CONDOMINIUM ASSOCIATION, INC. (hereinafter "SKYLINE") is a Florida non-profit corporation, doing business in Miami-Dade County, Florida, that operates a condominium building located at 2101 Brickell Avenue, Miami, FL 33129, (hereinafter "Subject Premises").

6.  Defendant, KW PROPERTY MANAGEMENT & CONSULTING, LLC., (hereinafter "KW") is a Florida Limited Liability Company, licensed to and doing business in Miami-Dade County, Florida, that manages the building located at 2101 Brickell Avenue, Miami, FL 33129.

## GENERAL ALLEGATIONS

7.  RACHID-LUIZ signed a lease for 2101 Brickell Ave, Miami, FL. Unit #1703 with Claudia P. Morrison for April 1, 2018 to March 31, 2019.

8.  RACHID-LUIZ possesses a disability which requires the use of an emotional support animal. Therefore, Plaintiff, RACHID-LUIZ belongs to a class of persons whom the Fair Housing Act ("the Act") protects from unlawful discrimination by virtue of disability. Complainant rents a condominium unit located at 2101 Brickell Avenue. In addition to RACHID-LUIZ having a disability, his girlfriend, Yailyn Gomez Orfila (ORFILA) suffered from anxiety and depression.

9.  After he moved in, on April 6, 2018, RACHID-LUIZ requested an accommodation for an emotional support animal for his ORFILA for her animal and provided a letter from a licensed social worker.

10. RACHID-LUIZ notified SKYLINE and KW on April 16, 2018, that they had received the updated medical letter for his ORFILA on April 12, 2018. SKYLINE and KW further notified RACHID-LUIZ that their attorneys were reviewing this matter. SKYLINE and KW informed RACHID-LUIZ that ORFILA could not bring her support animal into the building, until the matter was resolved, as per the building's Rules and Regulations.

11. On April 26, 2018, SKYLINE and KW issued RACHID-LUIZ a violation for an unauthorized pet, and fined RACHID-LUIZ $100.00. At the time this fine was issued ORFILA's accommodation had been pending since April 12, 2018.

12. On April 27, 2018, SKYLINE and KW issued RACHID-LUIZ a second violation for an unauthorized pet, and fined RACHID-LUIZ another $100.00 and at this time the request for the accommodation was still pending.

13. Due to the fines and the constant pressure from SKYLINE and KW related to ORFILA's support animal, ORFILA and RACHID-LUIZ ended their relationship.

14. On May 21, 2018, prior to SKYLINE and KW approving ORFILA's support animal, RACHID-LUIZ sent an e-mail to SKYLINE and KW which informed them that he was withdrawing the request for an accommodation on his girlfriend's behalf.

15. On May 25, 2018, SKYLINE and KW sent RACHID-LUIZ an e-mail stating as long as he agrees to follow the building's rules and regulations, pay $200.00 for the two violations he was issued, and pay $250 for legal fees SKYLINE incurred with regard to this matter, no further actions would be taken against him.

16. On May 25, 2018, RACHID-LUIZ sent SKYLINE and KW an e-mail stating he agreed with the terms and requested SKYLINE and KW to deduct $450.00 from his deposit.

17. In April 2018, RACHID-LUIZ requested to have an emotional support animal and provided a letter from his licensed social worker. The request was not responded to and when he withdrew his request in May 2018, and Defendant, KW PROPERTY MANAGEMENT & CONSULTING, LLC., and SKYLINE demanded $450.00 for attorney's fees, costs and penalties.

18. On July 18, 2018, RACHID-LUIZ again requested to have an emotional support animal as required by the Fair Housing Act and provided medical letters from Monica Guinzbourg, PhD., dated July 5, 2018, and a Deborah Weatherby, LCSW, dated April 28, 2018, which stated Complainant is disabled.

19. On August 14, 2018, Defendant, KW PROPERTY MANAGEMENT & CONSULTING, LLC wrote back to complainant, "Jesus: Our attorney should be contacting you in the coming days with a formal response. The Association's position remains the same: Your request for approval for an emotional support animal was/is denied."

20. On September 4, 2018, RACHID-LUIZ was contacted via correspondence by the SKYLINE's counsel requesting a list of history of appointments with the psychologist, as well as threats of criminal action.

21. On September 13, 2018, through legal representation RACHID-LUIZ sent a letter providing history of appointments and advising about the Fair Housing Act.

22. On November 1, 2018, another request was made by counsel from the condominium who requested another ten days to respond. No response was ever forthcoming. More than enough documentation was provided to the association. Plaintiff alleges that the delay and failure to respond to the accommodation request was a denial, and the request for additional information was a denial of the Fair Housing Act.

23. On November 16, 2018, RACHID-LUIZ filed a Housing Discrimination Complaint against Defendants, SKYLINE, KW, and including Property Manager with the Florida Commission on Human Relations ("FCHR"), and U.S. Department of Housing and Urban Development ("HUD").

24. On January 13, 2021, the FCHR and HUD issued a Notice of Determination and found that there was reasonable cause to believe that a discriminatory housing practice had occurred.

25. Further, as a direct and proximate result of SKYLINE and KW's refusal to accommodate RACHID-LUIZ, RACHID-LUIZ suffered irreparable loss and injury including, but not limited to humiliation, emotional distress, privacy violations, worsened disability symptoms, and deprivation of his right to equal use and enjoyment of his home.

26. Such violations to accommodate RACHID-LUIZ's disabilities caused RACHID-LUIZ to undergo severe emotional distress leading to heightened depression and anxiety.

27. Plaintiff has retained Disability Independence Group, Inc. to represent him in this cause and have agreed to pay them a reasonable fee for their services.

28. RACHID-LUIZ has complied with all necessary conditions precedent to the bringing of this action, or such condition precedent have been waived.

**COUNT I –FAILURE TO REASONABLY ACCOMMODATE – FAIR HOUSING ACT, 42 U.S.C. § 3604(f)(3)(B) and Fla. Stat. 760.23(8)**

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 28 above as though fully set forth herein.

30. At all times material, the Defendants SKYLINE and KW had actual knowledge that RACHID-LUIZ has a disability and were personally involved, and/or had authorized or ratified

each and every discriminatory act and denial of accommodation for RACHID-LUIZ herein.

31. Pursuant to 42 U.S.C. § 3604(f)(3)(b), it is unlawful to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

32. RACHID-LUIZ requested a reasonable accommodation regarding the pet policy set forth in the governing condominium documents to allow his emotional support animal to continue to reside with him and provided documentation for the accommodation.

33. Such emotional support animal is necessary for the equal use and enjoyment of RACHID-LUIZ' home.

34. Defendants made numerous requests of the nature and severity of RACHID-LUIZ's disability beyond what was necessary to grant RACHID-LUIZ's reasonable accommodation regarding the pet policy.

35. Defendants denied RACHID-LUIZ's reasonable request to allow his emotional support animal to continue to reside with him. Threats and attempts to remove the animal are similarly denials.

36. Such accommodation would not be an undue financial or administrative burden or a fundamental alteration on SKYLINE.

37. Such accommodation was necessary to the equal use and enjoyment of RACHID-LUIZ' home and his use and enjoyment of common and public areas of housing.

38. Defendants' failure to modify its existing policies and practices to accommodate the disabilities of RACHID-LUIZ is discriminatory and unlawful.

39. Such actions by Defendants were in total and reckless disregard of Plaintiff's rights and indifferent to the medical conditions or needs of RACHID-LUIZ.

40. Further, as a direct and proximate result of Defendant's discrimination Plaintiff have suffered irreparable loss and injury including, but not limited to actual damages, humiliation, emotional distress, and deprivation of the right to equal housing opportunities regardless of disability.

**WHEREFORE**, Plaintiff, RACHID-LUIZ, demands judgment against SKYLINE and KW to declare that the actions of the Defendants violated the Fair Housing Amendments Act and the Florida Fair Housing Act by discriminating against persons with disabilities and award Plaintiff compensatory and punitive damages, and his attorneys' fees and costs, and such further relief as this Court deems just and equitable.

### COUNT-II – RETALIATION – 42 U.S.C. § 3617 and Fla. Stat 760.37

41. Plaintiff, RACHID-LUIZ repeat and reallege the allegations contained in paragraphs 1 through 28 above as though fully set forth herein.

42. On April 26, 2018, Defendants issued Plaintiff a violation for an unauthorized pet, for ORFILA's support animal and fined him $100.00. At the time this fine was issued ORFILA 's accommodation had been pending since April 12, 2018.

43. On April 27, 2018, Defendants issued Plaintiff a second violation for an unauthorized pet, and fined Plaintiff another $100.00.

44. On May 21, 2018, prior to Defendants approving ORFILA's service animal, Plaintiff sent an e-mail to KW which informed them that he was withdrawing the request for an accommodation on his girlfriend's behalf.

45. On May 25, 2018, Defendants sent Plaintiff an e-mail stating as long as he agrees to follow the building's rules and regulations, pay $200.00 for the two violations he was issued, and pay $250 for legal fees the Association incurred with regard to this matter, no further actions

would be taken against him.

46. On May 25, 2018, Plaintiff sent Defendants an e-mail stating he agreed with the terms and requested Respondents to deduct $450.00 from his deposit.

47. SKYLINE and KW retaliated against RACHID-LUIZ by charging him attorney fees in the amount of $250.00 for requesting an accommodation on behalf of his girlfriend, fining him for his girlfriend's service animal when the request had been made on April 12, 2018, when SKYLINE and KW received the updated medical letter.

48. As a direct and proximate result of Defendant's Retaliation Plaintiff have suffered irreparable loss and injury including, but not limited to actual damages, humiliation, emotional distress, and deprivation of the right to equal housing opportunities regardless of disability.

**WHEREFORE**, Plaintiff, RACHID-LUIZ, demands judgment against Defendants, SKYLINE and KW to declare that the actions of the Defendants violated the Fair Housing Amendments Act and the Florida Fair Housing Act by discriminating against persons with disabilities and award Plaintiff compensatory and punitive damages, and her attorneys' fees and costs as well as such relief as this court deems just and equitable.

Respectfully Submitted on this 5th day of March, 2021.

By: s/ *Matthew W. Dietz*
Matthew W. Dietz, Esq.
Florida Bar No. 84905
DISABILITY INDEPENDENCE GROUP, INC.
2990 Southwest 35th Avenue
Miami, Florida 33133
T: (305) 669-2822 / F: (305) 442-4181
Email: mdietz@justdigit.org
aa@justdigit.org